# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**ALLANTE WILLIAMS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:14-MJ-258

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged along with five other individuals with conspiring to rob a federally insured credit union.

Defendant has no ties to Western Michigan.

Defendant is unemployed with no obvious means of support, other than some welfare payments. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from this young defendant who has voluntarily associated himself with a conspiracy whose members have been successful in robbing 6 credit unions to-date, based upon defendant's anti-social record to date and his willingness to join in this gang-like behavior at such a young age.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 17, 2014

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:15-cr-00010-RHB   ECF No. 32 filed 12/19/14   PageID.59   Page 2 of 2

United States v.  **ALLANTE WILLIAMS**
1:14-MJ-258
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

Defendant voluntarily joined five other conspirators who were apprehended by a police task force which was trailing them on their way to rob a credit union in Lansing, MI.  Defendant has personally been involved in at least two earlier credit union robberies. The conspirators had put on makeup and had other disguises to alter their appearance.  Various members of the conspiracy have robbed up to five other credit unions and collected approximately $100,000.  The conspirators have a pattern of passing demand notes demanding somewhere between $30,000 and $60,000, with the threat that people will be injured or killed if the credit union does not surrender the money.

Defendant is a substance abuser.

Defendant has never been married.

Defendant is only 22, but has a criminal record, including a conviction for carrying concealed weapons, possession of marijuana, and assaulting and resisting/obstructing a police officer.  He has another conviction for attempted delivery/manufacture of marijuana and has been considered a probation absconder for over a year.  Defendant was also convicted of attempted receipt and concealing of a stolen motor vehicle, for which he received the benefit of the Holmes Youthful Trainee Act, and placed on probation.  However, probation and the HYTA were revoked less than a year later.

**Part II - Written Statement of Reasons for Detention** - (continued)